UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| REHAP A. HOSHAN | : | |
| Debtor | : | Bankruptcy No. 07-15824bif |

..............................................

ORDER

..............................................

AND NOW, this 9th day of October 2007, the pro se debtor having filed a chapter 13 bankruptcy case on October 2, 2007,

And the debtor had also filed pro se a chapter 13 bankruptcy case on March 30, 2007, docketed at Bankr. No. 07-11889bif. That case was dismissed by order dated April 23, 2007 for failure to file all required documents,

And in this prior case, on April 30, 2007, the debtor filed an "Application to Reinstate Chapter 13 Petition." By order dated May 3, 2007, I denied this request,

And on May 14, 2007, the debtor filed a "Motion for Reconsideration of Debtor's Motion to Reinstate." By order dated June 4, 2007, I denied this request,

And on June 22, 2007, the debtor filed notice of intent to appeal my May 3rd order, and filed an appeal with the District Court for the Eastern District of Pennsylvania on July 17, 2007. See Hoshan, et al., 2:07-cv-02931 (E.D. Pa.). That appeal is still pending,

And accordingly, the debtor now has two cases pending: her appeal of the denial to reinstate Bankr. No. 07-11889 and thus vacate dismissal of a chapter 13 petition; and the chapter 13 case just filed, Bankr. No. 07-15824,

And in Freshman v. Atkins, 269 U.S. 121 (1925), the Supreme Court held that an individual with a pending bankruptcy case cannot file a second bankruptcy case seeking to discharge the same debts. In part, the Court based the dismissal of the second case "in accordance with the general rule that the law will not tolerate two suits at the same time for the same cause." Id., at 123; see, e.g., In re Peia, 204 B.R. 310 (Bankr. D. Conn. 1996); In re Doss, 133 B.R. 108 (Bankr. N.D. Ohio 1991) (chapter 13 case filed when chapter 7 still pending must be dismissed); Matter of Lunsford, 39 B.R. 490, 491 (Bankr. N.D. Ga. 1984); see also Prudential Ins. Co. v. Colony Square Co., 40 B.R. 603 (Bankr. N.D. Ga. 1984), aff'd, 62 B.R. 48 (N.D. Ga. 1985) (debtor may not file a chapter 11 case while its chapter XII case is still pending); see generally In re Turner, 207 B.R. 373 (B.A.P. 2d Cir. 1997) (discussing the problems of simultaneous bankruptcy filings),

And, in general, it has long been an established principle of federal jurisprudence that the filing of a notice of appeal has the effect of automatically transferring "jurisdiction" over that case from the trial to the appellate court. See Hovey v. McDonald, 109 U.S. 150, 157 (1883). A "federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Id., at 58,[1]

---

[1] Indeed, based upon this general principle, the Fifth Circuit Court of Appeals concluded that a district court had no power to grant plaintiffs leave to amend a complaint after an interlocutory appeal had been filed from a district court order denying a motion to dismiss part of the original complaint. Dayton Independent School Dist. v. U.S. Mineral Products Co., 906

(continued...)

2

And since an appeal empowers an appellate court to act in connection with the case, it would appear that the debtor's March 2007 bankruptcy case is still pending in the sense used by the Court in Freshman. Although the March 2007 case has been dismissed in this court, by filing a timely appeal the debtor caused "jurisdiction" over her earlier case to be transferred to the district court where it remains in full force. If the District Court reverses the decision of the Bankruptcy Court, the debtor's March 2007 bankruptcy petition would return to this court for administration. Such an administration could be inconsistent and confusing with the administration of the second October 2007 case. For example, if the bankruptcy stay is not in effect or has been lifted in favor of one or more creditors in connection with the October 2007 case, would an order of the district court sustaining the debtor's appeal recreate the bankruptcy stay arising from the March 2007 petition?

---

[1](...continued)
F.2d 1059, 1063-64 (5th Cir. 1990); see In re Bialac, 694 F.2d 625, 627 (9th Cir. 1982) ("Even though a bankruptcy court has wide latitude to reconsider and vacate its own prior decisions, not even a bankruptcy court may vacate or modify an order while on appeal."); Matter of Eddis, 37 B.R. 217 (E.D. Pa. 1984) (same).

The Third Circuit Court of Appeals has also held that if there is an appeal taken from an order dismissing a complaint, the district court cannot permit the plaintiff to file an amended complaint, even with the consent of the defendant. Thompson v. Harry C. Erb, Inc., 240 F.2d 452, 454 (3d Cir. 1957) ("The attempted substitution of the amended complaint is ineffective. The signature of the district judge on the stipulation gives no life to the amended complaint as the taking of the appeal had divested the district court of jurisdiction of the cause of action and transferred the latter to this tribunal."); accord Holton v. Crozer-Chester Medical Center, 560 F.2d 575, 578 (3d Cir. 1977).

And, as a result, this October 2007 bankruptcy petition appears to give rise to the existence of two pending bankruptcy cases, involving the same debtor, the same assets and the same creditors,[2]

And relying upon the holding of <u>Freshman</u>, courts have determined that an individual may not file a new bankruptcy case while the appeal from the dismissal of a prior case is pending. See, e.g., <u>In re Wead</u>, 38 B.R. 658 (Bankr. E.D. Mo. 1984) (a second chapter 11 filing while an appeal from the dismissal of an earlier chapter 11 filing was still pending must be dismissed); <u>In re Borg</u>, 105 B.R. 56, 57 (Bankr. D. Mont. 1989) (chapter 12 case dismissed when appeal of dismissal of prior case still pending); <u>In re Stahl, Asano, Shigetomi Associates</u>, 6 B.R. 232 (Bankr. D. Haw. 1980) (chapter 11 case was dismissed while appeal from earlier case filed under Chapter XII of the Act was still pending),

Accordingly, it is hereby ordered that, as the instant October 2007 case is an improper second filing while a prior case is pending, this case is dismissed. 11 U.S.C. §§ 105(a), 1307(c).

_____
BRUCE FOX
United States Bankruptcy Judge

---

[2] Moreover, the filing of a second bankruptcy case while the first is still pending upon appeal could be viewed as a questionable attempt to trigger the bankruptcy stay in lieu of a stay pending appeal. Indeed, it is not easy to understand the legitimate purpose behind an individual filing an appeal from the dismissal of one chapter 13 case while filing another case while that appeal is pending.

Copies to:

Mrs. Rehap A. Hoshan
10123 Jeanes Street
Philadelphia, PA 19116

William C. Miller, Esq.
Chapter 13 Trustee
111 S. Independence Mall, Suite 583
Philadelphia, PA 19106

United States Trustee
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107